COTTON W. BEAN, Respondent, *v.* LAURENT J. TONNELE, Appellant.

94 381|
119 610

94 381|
125 744|

94 381'
139 468

Where an action was brought against the maker, upon a promissory note more than twenty years after the same fell due, *held*, that although the statute of limitation was not a bar because of non-residence of defendant, yet that the lapse of time raised a presumption of payment.

It appeared that defendant executed the note for the accommodation of the payee, who indorsed the same to plaintiff; that said payee was dead, but that for a period of seventeen years after the note fell due he was within the jurisdiction of the court. Defendant then offered to show that plaintiff was in indigent circumstances during this period ; this was objected to and excluded. *Held* error ; that the evidence was proper as tending to fortify the presumption of payment or satisfaction.

Also *held*, that the error was not cured, or the objection waived, by the rejection, upon defendant's objection, of evidence offered by plaintiff, tending to explain the delay in bringing suit.

(Argued December 7, 1883 ; decided January 15, 1884.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made April 6, 1882, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*C. W. Pleasants* for appellant.    The burden of proof is upon the plaintiff to show that the note in controversy has, not been paid, as payment may be presumed from lapse of time. (*Flag* v. *Ruden*, 1 Bradf. 195; *Jackson* v. *Sackett*, 7 Wend. 94; *Barr* v. *Williams*, 6 Pick. 187; *Oswald* v. *Lugh*, 1 T. R. 271; 3 Starkie on Ev. 823; *Cooper* v. *Turner*, 2 Stark. 497; *Cent. B'k of Troy* v. *Haydon*, 48 N. Y. 260; *Lyon* v. *Odell*, 65 id. 28; Angell on Limitations, 10, 80, 96.) The circumstances of the debtor and creditor are evidence to increase or rebut the presumption so created. (*Ross* v. *Darby*, 4 Munf. 428; *Gratham* v. *Canaan*, 38 N. H. 268–270.) The fact that defendant was of sufficient pecuniary ability to pay its obligations raises a presumption that the note has been paid. (*Miller* v. *Smith's Ex'rs*, 16 Wend. 425; *Garner* v. *Sandford*, 2 Sandf. 440.) Waiting until the death of Deegan before suits brought increases the presumption. (Wharton on Evidence, § 1363.) Twenty years neglect of collection is a sufficient period to ground the presumption of payment of a bond. (*Rogers* v. *Judd*, 5 Vt. 236.) The residence in New Jersey does not rebut the presumption. (*Keline* v. *Keline*, 20 Penn. St. 503.) As under the Revised Statutes, and the Code of Civil Procedure, § 376, judgments are conclusively presumed to be paid after twenty years, therefore *a fortiori* of the note in suit is conclusively presumed to have been paid. (*Ross* v. *Darby*, 4 Munf. 428; *Malloy* v. *Vanderbilt*, 4 Abb. N. C. 127.) When the statements of a witness are grossly improbable, or he has an interest in the question at issue, courts and juries are not bound to blindly accept the statements of such witness, but may exercise their judgment. (*Elwood* v. *W. U. Tel. Co.*, 45 N. Y. 549.)

*Nathaniel C. Moak* for respondent. The making and delivery of the note to the payee being admitted by the answer, the production of the note on the trial by the plaintiff, with proof of indorsement by the payee, was *prima facie* evidence that the plaintiff became the owner of the note before maturity, for value, in good faith. (*Collins* v. *Gilbert*, 94 U. S. 753; *Bedell* v. *Carll*, 33 N. Y. 581; *Barlow* v. *Meyers*, 64 id. 46; *M. & T. B'k* v. *Crow*, 66 id. 87.) A valuable consideration for an indorsement is presumed. (*Riddle* v. *Mandeville*, 5 Cranch, 322.) In the absence of any restriction as to the use of accommodation paper, the person to whom it is given, by way of accommodation, may make any legitimate use of it he pleases. (*Hager* v. *Worrall*, 69 N. Y. 371; *M. & T. B'k* v. *Crow*, 60 id. 85, 87; *Rose* v. *Bedell*, 5 Duer, 462; *Collins* v. *Gilbert*, 94 U. S. 753.) If defendant, after giving evidence that the note was made by him for the accommodation of Deegan, desired to raise the point that plaintiff must prove payment of a consideration to Deegan before he was entitled to recover, he should have done so at the close of the evidence. (*Osgood* v. *Toole*, 60 N. Y. 475; *McKeon* v. *Lee*, 51 id. 300; *Tracy* v. *Altmyer*, 46 id. 598, 600; *Spooner* v. *Keeler*, 51 id. 562; *Thayer* v. *March*, 75 id. 342.) Defendant having resided in New Jersey until 1876, and the action having been begun prior to April, 1881, the statute of limitations was not a bar. (Old Code, §§ 91, 100; Code of Civil Procedure, §§ 382, 401.) The fact of his being in New York occasionally, or even frequently on business, did not cause the statute to run. (*Murray* v. *Fisher*, 5 Lans. 98; *Bennett* v. *Cook*, 43 N. Y. 537; *Rockwood* v. *Whiting*, 118 Mass. 337; *Bell* v. *Lampley*, 57 N. H. 170–1.) Although payment may in some cases be presumed from a long lapse of time, where the creditor gives no evidence to rebut the presumption or explain the delay, yet it has never been held that mere lapse of time paid a debt. (*Johnson* v. *A. & S. R. R. Co.*, 54 N. Y. 424, 426, 427; *Dean* v. *Hewitt*, 5 Wend. 257; *Pinkerton* v. *Bailey*, 8 id. 600; *Soulden* v. *Van Rensselaer*, 9 id. 293; *Sands* v. *Gelston*, 15 Johns. 511; *Bell* v. *Morrison*, 1 Peters, 351.) The declarations of Deegan

to the defendant, in the absence of plaintiff, were properly excluded. (*Page* v. *Cagwin*, 7 Hill, 361.)

ANDREWS, J. This action was commenced October 18, 1880, upon a note dated May 12, 1859, for $650, payable six months after date, made by the defendant, payable to the order of one Timothy Deegan, who died in 1876. It was indorsed by the payee in blank, and the plaintiff claims to recover as indorsee. The note was made in Jersey City, where both the maker and payee resided when it was made, the plaintiff then and ever since being a resident of New York. The payee, Deegan, removed to the city of New York in or about the year 1860, and subsequently resided there till his death. The defendant continued to reside in Jersey City until the year 1876, when he also removed to the city of New York. The defendant testified that he made the note for the accommodation of the payee, and this evidence was not controverted. It does not appear upon what consideration the plaintiff received it. He was a witness on the trial, but reposed upon the presumption arising from the possession of the note that he was a holder for value. A declaration of Deegan, made in 1869, was proved without objection, to the effect that the plaintiff had trusted him, and now that he was hard up, he (Deegan) would trust him with a note. What note he referred to, does not appear.

The defendant in his answer set up the statute of limitations, and also the defense of payment. The answer of the statute was not available for the reason that the defendant was a non-resident of the State from the date of the note until 1876, and the action was commenced within six years after that time.

The defendant to maintain the defense of payment, relied upon the lapse of time between the making of the note and the commencement of the action, and offered certain evidence bearing upon the issue, which will be hereafter referred to. It was a rule of the common law that the payment of a bond or other specialty, would be presumed after the lapse of twenty years from the time it became due, in the absence of evidence explaining the delay, although there was no statute

bar.   The rule is said to have begun in courts of equity (15 Vin. Abr., Length of Time, pl. 5, 6), but from an early time it has been recognized by courts of law. (*Anon.*, 6 Mod. 22; *Oswald* v. *Legh*, 1 T. R. 270.) In this State it was frequently applied prior to any statute provision on the subject, and in connection with other circumstances the presumption was allowed to prevail within the period of twenty years. (*Clark* v. *Hopkins*, 7 Johns. 556; *Jackson* v. *Pratt*, 10 id. 381; *Flagg* v. *Ruden*, 1 Bradf. 192, and cases cited.) In respect to simple contracts the same presumption has been applied after the lapse of twenty years.  Lord HOLT in 6 Mod. 22, which appears to have been an action on a bond, speaking of the presumption in that case said, "*a fortiori* upon a note, if it be any considerable sum."   In *Duffield* v. *Creed* (5 Esp. 52), which was an action brought in 1803, upon a note made in 1782, Lord ELLENBOROUGH said, "If this had been a bond, twenty years would have raised a presumption of payment in which case he would have left the presumption to the jury, and he thought, as this note was unaccounted for, the same rule of presumption ought to apply."   The presumption has been applied to simple contracts in several cases in this country. (*Perkins* v. *Kent*, 1 Root, 312; *Daggett* v. *Tallman*, 8 Conn. 168; *Wells* v. *Washington's Adm'r*, 6 Munf. 532; *Bass* v. *Bass*, 8 Pick. 187.) In *Jackson* v. *Sackett* (7 Wend. 94), many of the cases on the presumption arising from lapse of time were referred to, and it was held that the presumption was one of fact and not of law, and that it was for the jury to draw the conclusion upon all the facts and circumstances of the case.

We have referred to the cases upon this subject, with a view to the alleged errors of the trial court in rejecting evidence offered by the defendant to show the poverty of the plaintiff during the time of the running of the note.   We think this evidence was improperly excluded.   The case is one in which the greatest liberality consistent with the rules of evidence should have been indulged in the proof of circumstances relevant to the question of payment.   The demand is stale.   The

claim is to recover upon a note more than twenty-one years past due, brought after the death of the only party by whom (as may be supposed) the defendant would have been able to show payment, if the note had in fact been paid, and who for a period of seventeen years after the note became due, was within the jurisdiction of the court, but against whom no proceedings were taken. The presumption of payment from a great lapse of time is founded upon the rational ground that a person naturally desires to possess and enjoy his own, and that an unexplained neglect to enforce an alleged right, for a long period, casts suspicion upon the existence of the right itself. This presumption may be fortified or rebutted by circumstances. The fact that a plaintiff during the period when he might have enforced his demand by suit, if he had one, was in indigent circumstances and needed the use of his means, is we think, a circumstance tending to fortify the presumption that the demand has been paid or otherwise satisfied (See Wharton on Ev., § 1363 ; *Ross* v. *Darby*, 4 Munf. 428; *Miller* v. *Smith's Exrs.*, 16 Wend. 425; *Waddell* v. *Elmendorf*, 10 N. Y. 170). In this case it is said that there are circumstances rebutting any presumption of payment. But we are dealing with exceptions to the rejection of proof offered on the part of the defendant, which was relevant to the issue, and which should have been admitted and considered in connection with other circumstances in determining the issue of payment. The fact that evidence explaining the delay of the plaintiff was rejected upon the objection of the defendant, does not cure the error complained of. The defendant's evidence to fortify the presumption of payment having been rejected, his exception was not waived by objecting to evidence of circumstances to rebut the presumption, subsequently offered on the other side.

We think the judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.