SAMUEL JACOBY, Respondent, *v.* STEPHENSON SILVER
MINING CO., Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Evidence. Declarations.*—In an action on a judgment which has been
transferred through various assignments to plaintiff, the acts and de-
clarations of the various assignors, during the period of their owner-
ship, are admissible, to show its release or satisfaction while in the
hands of any of them.
2. *Same.*—Accordingly, in an action on a judgment against a corporation,
of which the plaintiff has become the owner through divers transfers,
in order to establish the defense of payment, a statement of the liabil-
ity of the company to a former assignee, who was then a trustee, made,
read, accepted and ordered to be entered in the minute book of the
board of trustees, at a meeting at which said assignee was in attend-
ance, which statement was intended to serve as a basis for the reor-
ganization of the company, in which provision was to be made for the
payment of its liquidated indebtedness, and which contained no refer-
ence to the judgment, is admissible in evidence; and though by no
means conclusive but susceptible of explanation, it tends inferentially
to establish the fact of satisfaction, and should not, therefore, be ex-
cluded.
3. *Same.*—So, the exclusion of a resolution offered by a record owner of
said judgment and adopted at a stockholders' meeting, to satisfy and
cancel all the debts of the company, expressly including judgments,
by the issue of certain shares of consolidated stock, and the exclusion
of an offer to prove that the scheme was subsequently executed, were
erroneous rulings.
4. *Same.*—The defendant should be permitted to prove that no execution
had ever been issued upon the judgment, in view of the lapse of more
than twenty years since its recovery, and the death of the interested
parties.
5. *Former adjudication.*—The denial of a motion, upon the merits, made,
prior to the trial, to set aside the judgment, is in no sense *res adjudi-
cata* upon the issue of payment, or accord and satisfaction, as it was
not within the scope of, nor determined by, the motion.

*Augustus S. Hutchins* and *William A. Cook*, for appellant.

*Foster H Wentworth* and *John G. Cannell*, for respondent.

BARRETT, J.—This case was submitted. It is an appeal from a judgment (rendered upon a direction at circuit) in favor of the plaintiff. The action was upon a judgment recovered in this court in the year 1869 by one Welton, for $9,720.31. The defense was a denial of the averment that "no part of the judgment has been paid," and an affirmative allegation that certain stock of another company (owed and held by the present defendant) was set off to and accepted by the then owner of the judgment—one Robert M. Funkhouser—in full satisfaction and discharge of all his claims against the defendant, including this judgment. It appears that Welton assigned the judgment on the 17th of August, 1869, to one William H. Russell. Russell continued to be the owner until May 7th, 1872, when he assigned to Robert M. Funkhouser. Funkhouser retained it until May 11th, 1887, when he assigned to Leonidas P. Funkhouser. The latter assigned to the plaintiff on the 20th of June, 1887. Russell died in 1873 or 1874 and none of the persons who had anything to do with the transaction which resulted in the judgment are now living. This action was brought in October, 1887. The defendant sought to prove a state of facts from which in connection with lapse of time, payment or other satisfaction might be inferred. All the evidence offered by the defendants was ruled out, and the questions presented by this appeal are whether such evidence tended to establish the defense of payment and the accord and satisfaction with Funkhouser.

It was competent for the defendants to show that the judgment had been released or satisfied while in the hands of any one of the plaintiff's assignors. To that end the acts and declarations of these various assignors, during the period of their ownership, were admissible. Thus, what Russell said or did between August 17, 1869, and May 7, 1872, tending to show satisfaction or from which satisfaction could fairly be inferred was proper for the consideration of the jury. The same observation applies to Robert

M. Funkhouser from May 7, 1872, to May 11, 1887.   Russell was one of the defendant's trustees, and Funkhouser one of its stockholders.

At a meeting of the trustees, held in February, 1870, Mr. Russell being present, a statement of the liabilities of the company was read, accepted and ordered to be entered in the minute book of the board.   In this statement the liability of the company to Russell was stated at but $1,040.77.   The defendants offered this statement from their minute book, and also offered to show that such statement was actually signed by Russell.   This was excluded, and the defendants excepted.

The evidence tended to show that Russell's understanding of his claim against the company did not embrace this judgment.   It was a declaration that the company's liability to him was for an advance of $1,040.77.   The judgment was then in his hands, unsatisfied of record.   If it had never been settled in any manner, but was a vital obligation of the company, why was it then suppressed ?   The statement had a most important object.   It was to serve as a basis for the reorganization of the company, in which reorganization, provision was to be made for the payment of its liquidated indebtedness.   We must believe either that Russell was willing to permit a reorganization in which his judgment was to be left out, or that the judgment had been provided for in some other manner.   It seems quite clear that the evidence though by no means conclusive and though susceptible of explanation, tended inferentially to establish satisfaction, and that it should not have been excluded.

An exception was also taken to the exclusion of a resolution offered by Funkhouser, and adopted at a stockholders' meeting held in the year 1873.   At this time, Funkhouser was the record owner of the judgment.   The resolution embraced a scheme for the satisfaction and cancellation of all the debts of the company (expressly including judg-

ments) by the issue of certain consolidated stock. The defendants further offered to prove that the scheme was subsequently executed ; to quote the language of the offer " that at the meeting thereafter held, the debts of the company were settled by a distribution of stock of a certain other company." This also was excluded.

We think these rulings were erroneous, and that the defendants should have been permitted to introduce the resolution offered by Funkhouser and adopted by the stockholders. That was the foundation of the further offer, in substance, to prove that the judgment was subsequently settled by the distribution of the stock authorized by the resolution. The latter was offered in its regular order, and the defendants could not well prove the actual satisfaction of the judgment, under the terms of the resolution, when they were not permitted to prove the resolution itself. It may be that the defendants could not have followed the resolution up by proof of its specific execution with respect to this judgment. They offered to do so, however, and their offer was refused.

The defendants should also have been permitted to prove that no execution had ever been issued upon the judgment. It was a circumstance, slight and inconclusive in itself, but proper to be considered, in connection with the other circumstances of the case, and in view of the lapse of time and the death of interested parties.

The learned judge was influenced in making these rulings by the fact that a motion had been made, prior to the trial, to set aside the judgment, and that that motion had been denied upon the merits.

In this, however, there was a failure to distinguish between what was properly before the court for decision upon the motion, and the issue in the present action. The questions of payment and of accord and satisfaction may have been incidentally referred to in the affidavits, but they were not within the scope of the motion and were not deter-

mined. Nor could they properly have been determined. That decision was in no sense *res adjudicata* upon the present issue, and reference thereto only served to confuse the trial and cause the errors justly complained of.

The judgment should be reversed and a new trial ordered with costs to the appellant to abide the event.

VAN BRUNT. P. J.—The rejection of the evidence referred to in Justice BARRETT's opinion was clearly error under the principles laid down in the case of Bean *v.* Tonnelle (94 N. Y. 381), and cases there cited.

DANIELS, J., concurs in the result.