AARON B. COHU, as Executor, etc., Respondent, *et.*
JOSEPH HUSSON, Appellant.

*Court of Appeals, January 14, 1890.*

1. *Evidence.*—In an action in which a note is set up as a counterclaim, which plaintiff claims was given by him without consideration, notes given by defendant after the counterclaimed note became due, are inadmissible on the point as to whether it was made with or without consideration.

2. *Same.*—The fact that the defendant borrowed money from plaintiff's testator, for which he gave his note, does not indicate that he applied it in payment of the note he held against the testator, and that he used his own money to pay a debt due to him and not from him.

3. *Same.*—Where the proof establishing the existence of a valid claim against an estate is clear and uncontradicted, the exclusion of evidence that, in a conversation between the executor and the holder of the claim in reference to a claim of the estate against him, nothing was said by him as to his claim, is not error justifying a reversal.

4. *Same.*—The defendant's omission to mention his claim, in such case, does not tend to show a satisfaction of the demand, where payment is neither pleaded nor pretended; and on the sole issue of valuable consideration or none, it has scarcely an appreciable effect as against direct and positive proof.

Appeal from a judgment of the general term of the superior court of the city of New York, affirming a judgment entered upon a verdict.

*Abram Kling*, for appellant.

*E. P. Wilder*, for respondent.

FINCH, J.—The only contested issue on the trial of this action respected the note pleaded in the answer as a counterclaim. Its amount exceeded that of the note sued upon by the plaintiff, and which stood admitted, but the plaintiff replied that the defendant's demand was an accommodation note, and given without consideration, and sought to defeat it

upon that ground alone. It was established that Husson and Cohu had been and were in the habit of exchanging notes, each of the same date and amount, and exactly balancing liabilities; and then the defendant proved that his own note to the order of Cohu, of the same date and amount with that of Cohu to him, which was pleaded as the counterclaim, and which presumptively was given in exchange for the latter, had been discounted by Cohu, who allowed it to go to protest, whereupon Husson, the maker, had paid it. The consequence followed, assuming that the two notes were intended to balance each other and one to be paid by each party, that Husson had paid his own, of which Cohu had received the proceeds, while Cohu had not paid his remaining in the hands of Husson, and for which the latter had paid in full, by discharging his own note, which he had given for it in exchange. The court held that no evidence had been introduced that would justify a finding by the jury that the note counterclaimed was without consideration, and thereupon directed a verdict for the defendant. The judgment entered in his favor has been affirmed by the general term, from whose decision the present appeal has been taken.

The plaintiff claims, first, that there was evidence that the note in controversy was an accommodation note and without consideration, sufficient at least to carry the question to the jury. He cites but one item of such evidence. He says that he showed "by Horace Ripley that the defendant admitted that he had obtained notes from Henry S. Cohu from time to time for his accommodation." What the witness did say was: "I think I learned from him that they were exchanging notes from time to time;" so that the evidence cited is not what the counsel claims, and instead of tending to show the existence of accommodation paper indicates an exchange of notes, so that each was the consideration of the other.

But much of the evidence offered by the plaintiff was

excluded, and he now argues that it was both competent and material to the issue on trial. He offered a note made by Husson for $1,000, payable to the order of Cohu, and which, after its discount, Cohu had taken up. This note was dated November 14, 1878, and shortly before the note alleged in the answer as a counterclaim fell due. Of course the note offered was not admissible to establish a liability of Husson thereon, for there was no such issue in the case. The learned counsel does not claim that; but he insists that its existence shows that at that date Husson received $1,000 from Cohu. If so, the money became Husson's, for he gave his note for it. Then the counsel adds: "This note, unexplained, showed that the moneys so received from Henry S. Cohu were applied to the payment of the note set up in the answer." It is difficult to understand how the borrowing of money from Cohu by Husson, for which the latter gave his own note, indicates that he applied it to the payment of the note he held against Cohu, and that he used his own money to pay a debt which was due to him and not from him.

The plaintiff also offered to show notes given by Husson to Cohu after the one claimed in the answer fell due. The only possible inference to which they could lead would be that of a prior payment of the one in controversy which is not pretended, and none of these offered notes bear at all upon the inquiry whether that counterclaim was made with or without consideration, which was the sole issue to be tried.

Aaron B. Cohu, the executor of Henry S. Cohu, testified to a conversation with Husson about what were described as the Ripley notes, one of which was the note sued on by plaintiff and for which he held the counterpart. He was asked if Husson promised to pay those notes and the question was excluded. That was proper because the witness had already testified explicitly that Husson did so promise. The witness was asked if he settled with Ripley for the three notes. That was immaterial, for the only one sued on stood

admitted as a just liability. The witness was asked if Husson ever proved any claim against the estate of Henry S. Cohu. That was the very thing Husson was trying to do in the pending action, and whether he attempted it at any earlier time was immaterial. But another question was asked and excluded about which there may be some room for doubt. That was, did Husson *ever* make any pretense or claim any indebtedness in his favor from Henry S. Cohu or his estate. A truthful answer to that question could only have been given in the affirmative, for it is beyond controversy that Husson did so claim when he filed his answer in the pending suit. Probably what was meant by the question was whether such claim was made by Husson in the talk about the Ripley notes. But the witness had already detailed that conversation, and presumably the whole of it, and stated no such claim. Conceding, therefore, that the omission in that conversation was proved, the only further inquiry is whether the fact was of sufficient importance as the case stood to require a submission to the jury. If the issue had been whether on the whole dealing between these parties Husson owed Cohu or the reverse, the omission of the former to make a claim would have been quite pertinent. But that was not the issue. It was simply if the note counterclaimed was void in its inception. Husson may very well have assumed that if he paid the Ripley notes which it was his duty to pay and which he promised to pay, that the Cohu estate would pay the notes which it was his duty to pay, and so the exchanges be balanced and no claim exist on either hand. In the face of the clear and uncontradicted proof of a full consideration for the note set up in the answer I do not think a verdict to the contrary founded on the failure of Husson to make his own claim in the conversation with the executor could be permitted to stand. The inferences from it are too ambiguous and equivocal to countervail the direct and positive proof of a consideration in fact existing.

In a previous contest between these parties, 113 N. Y. 662; 23 N. Y. State Rep. 504, the proof now given was notably absent, and the case rested so far upon inferences and presumptions as to make the silence of Husson in the conversation with the executor a serious fact to which we gave some weight. But on this trial the consideration of defendant's counterclaim is not left to depend upon presumptions, but is so fully proved as to make Husson's silence of very little consequence, and to suggest an explanation consistent with the proof. Indeed, such silence might tend to show a satisfaction of the demand, as was said in Bean *v.* Tonnele, 94 N. Y. 381, but not where payment is neither pleaded nor pretended, and on the sole issue of valuable consideration or none it has scarcely an appreciable effect as against direct and positive proof.

The judgment should be affirmed, with costs.

All concur.