8, 1895, and $100 for counsel fee. Order modified accordingly, and affirmed as modified, without costs. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

New York Bank Note Company, Appellant, v. The Hamilton Bank Note Engraving and Printing Company, Respondent.— Order affirmed, with ten dollars costs and disbursements.—

PER CURIAM: The questions are the same as those presented upon the former appeal, and though the plaintiff's position is apparently strengthened by the affidavit of Edgecomb, who upon the former application made an affidavit which cannot be entirely reconciled with the one now presented, the same reasons that are enumerated in the opinions upon the former appeal still exist for refusing to determine the questions upon affidavits, and for deferring them until a trial can be had. The facts now relied upon are the same as those formerly presented, the difference consisting in additional evidence now offered in support of plaintiff's view of knowledge on the part of the defendant. No suggestion as to the irresponsibility of the defendant is made. We think, if the same diligence had been exercised in endeavoring to bring the case to trial as has been shown for the purpose of obtaining an adjudication which would determine the merits of the controversy upon affidavits, the rights of the parties should ere this have been adjudged. Our conclusion is that the order appealed from should be affirmed, with ten dollars costs and disbursements. Present —Van Brunt, P. J., O'Brien and Parker, JJ.

In the Matter of Thomas Simpson, Appellant, v. Abram Kling, Respondent.— Motion to dismiss appeal granted.

Matter of Selina Shaw.— Motion granted.

David Thomson, as Trustee, etc., v. Lorenzo Goodwin and Others.— Motion granted, with ten dollars costs.

The People of the State of New York ex rel. Thomas H. Lynch v. James J. Martin and Others.— Writ dismissed, with costs. No opinion.

The People of the State of New York ex rel. Joseph Flynn v. Theodore Roosevelt and Others.— Writ dismissed, with costs. No opinion.

The People of the State of New York v. Vitella Bruder.— Judgment reversed. No opinion.

The People of the State of New York v. Thomas Curran.— Motion granted.

David O'Neill and Others, Appellants. In the Matter of Addison D. O'Neill, Executor of Agnes L. Jones, Deceased, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Maurice B. Mendham, Appellant, v. Russell A. Alger, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Rose Meyers, Appellant, v. Leon M. Hirsch, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Henry Lange and Others, Respondents, v. Manhattan Railway Company, Appellant.— Judgment affirmed, with costs. No opinion.

Kaspar Muller and Another, Respondents, v. Manhattan Railway Company, Appellant.— Judgment modified by reducing fee damage to $1,000 and past damages to $250 and by striking out allowance, and as modified affirmed, without costs. No opinion.

Charles Hadden, Individually, etc., Appellant, v. Metropolitan Elevated Railway Company, Respondent.—Judgment affirmed, with costs. No opinion.

Adolph Kleine, as Administrator, etc., Respondent, v. The Mayor, etc., of the City of New York, Appellant.— Judgment affirmed, with costs. No opinion.

First National Bank of Jersey City, Respondent, v. George W. Martin, Appellant, Impleaded, etc.— Judgment and order affirmed, with costs. No opinion.

Edward D. C. McKay, Appellant, v. Donald McKay and Others, Respondents.— Judgment affirmed, with costs.—

PARKER, J.: An examination of the evidence, presented by the record, leads us to concur in the decision of the trial court that the defendants have not in their possession any bonds belonging to the plaintiff, nor the proceeds of any such bonds for which they have not accounted to the plaintiff. The complaint alleges the deposit by the plaintiff with the defendants in September, 1869, of certain bonds of the face value of $45,000 and their sale by the defendants during the months of October and December following, for a sum exceeding $55,000. During the years 1869, 1870 and 1871 the defendants purchased and sold stock for the account of the plaintiff and rendered to him an account of such transactions on the 27th of October, 1871, by which there appeared to be due to defendants the sum of $15,800.74, which sum the plaintiff paid by his check, at the same time receiving a transfer of the stocks then held by the defendants for his account. Afterwards, the plaintiff complained of certain charges in the account for interest and commissions, which led to a further settlement by which the defendants agreed to, and did pay to the plaintiff the sum of $1,617, for which he gave a receipt reading as follows:

"NEW YORK, Sept. 12, 1872.

"Received of Vermilye & Co. their check to my order for sixteen hundred and seventeen dollars ($1,617), in full of all claim against said Vermilye & Co.

" Witness:                          "E. D. C. McKAY.
   "GEO. C. LYMAN,
   "DONALD McKAY."

From the time of the first settlement in 1871, to the year 1891, no claim was made against the defendants on account of these bonds. In the meantime, the head of defendants' firm died, and their books covering this period were destroyed. The facts to which we have referred, together with the presumption of payment, raised by the lapse of twenty years between the date of the first settlement, and the demand for a return of the bonds (Bean v. Tonnele, 94 N. Y. 381), justify the finding of the court. The discussion of the facts at Special Term makes it unnecessary to further refer to them on this review. The judgment should be affirmed, with costs. Van Brunt, P. J., and Follett, J., concurred.

Nathan Corwith, Jr., and Others, Appellants, v. Frederick M. Stetler and Another, Respondents. — Judgment affirmed, with costs.—

PER CURIAM: October 5, 1888, the five carloads of lead in question reached the station of the Delaware, Lackawanna and Western Railroad Company at Hoboken, which corporation had brought it from the west. It is conceded that when the load arrived it was owned by Nathan Corwith & Co. The only question presented on this appeal is one of fact. Was Gurden Corwith authorized by Nathan Corwith & Co. to sell the lead ? The learned trial court found this issue of fact in favor of the defendants and upon evidence which permits no other answer to the question. The senior member of the firm of Nathan Corwith & Co. was in the city of New York. The firm received the usual notice of the arrival of the lead and turned that notice over to Gurden Corwith, who had long acted as the broker of the firm. The evidence shows that he had on many occasions stored lead and received warehouse receipts in his