Parker, J.
An examination of the evidence presented by the record leads us to concur in the decision of the trial court that the defendants have not in their possession any bonds belonging to the plaintiff, nor the proceeds of any such bonds, for which they have not accounted to the plaintiff. The complaint alleges the deposit by the plaintiff with the defendants, in September, 1869, of certain bonds, of the face value of $45,000, and their sale by the defendants during the months of October and December following, for a sum exceeding $55,000. During the years 1869, 1870, and 1871, the defendants purchased and sold stock for the account of the plaintiff, and rendered to him an account of such transactions on the 27th of October, 1871, by which there appeared to be due to defendants the sum of $15,800.74, which sum the plaintiff paid by his check, at the same time receiving a transfer of the stocks then held by the defendants for his account. Afterwards, the plaintiff complained of certain charges in the account for interest and commissions, which led to a further settlement, by which the defendants agreed to, and did, pay to the plaintiff the sum of $1,617, for which he gave a receipt reading as follows:
Mew York, Sept. 12, 1872.
“Received of Vermilye & Co. their check to my order for sixteen hundred and seventeen dollars ($1,617), in full of all claim against said Yermilye & Co.
“Witness: E. D. 0. McKay.
Geo. 0. Lyman.
Donald McKay.”
From the time of the first settlement, in 1871, to the year 1891, no claim was made against the defendants on account of these bonds. In the meantime, the head of defendants firm died, and *828 their books covering this period were destroyed. The facts to which we have referred, together with the presumption of payment raised by the lapse of twenty years between the date of the first settlement and the demand for a return of the bonds (Bean v. Tonnele, 94 N. Y. 381), justify the finding of the court.
The discussion of the facts at special term makes it unnecessary to further refer to them on this review.
The judgment should be affirmed, with costs.
All concur.
The opinion of Mr. Justice Ingraham at special term is as-follows:
The claim here presented is that the plaintiff deposited with the firm of Vermilye & Go., the defendants, $45,000 in United States bonds in the year 1869, as collateral security for any loss upon the purchase of stock by Vermilye & Go., for plaintiff. The account was closed in the year 1871 by the payment to Vermilye & Go. of the balance then due, and the transfer of the stock held by Vermilye & Go. for the plaintiff at that time; and from the year 1871 to the year 1891, no claim was made against Vermilye & Co. on account of these bonds. The claim is so inherently improbable that it would require something more than the mere testimony of the plaintiff, uncorroborated, to establish it. It is scarcely conceivable that a person would leave bonds of the amount stated with a firm of brokers for twenty years after his accounts with the brokers had been settled, especially where the account was withdrawn from the brokers at the latter’s request in consequence of a dispute between the brokers and their principal. In this case it appears that the account with the defendants was withdrawn at their request, and that, about one year afterwards, plaintiff made some objection to some charges in the account for interest, and that after some negotiations that claim was settled by the payment to plaintiff of $1,617, and a receipt taken by the defendants from plaintiff, whereby the receipt of this sum of $1,617 was stated to be “in full of all claim against said Vermilye & Go.” It is not pretended that, at that time, the plaintiff made any claim to these bonds or their proceeds. There is not the slightest evidence in the case that would justify a finding that these bonds were ever delivered to Vermilye & Go.,, except the statement of the plaintiff, nor is there any evidence to show that Vermilye & Go. ever received the proceeds of the bonds. It does appear that the firm of Vermilye & Go. guaranteed the signature of the plaintiff to a transfer of the bonds; but at that time Vermilye & Go. were prominent dealers in government bonds, were the brokers of the plaintiff, and thus in a position to identify him, and the mere fact that they did identify him as the person signing the transfer would not justify a finding that they received the proceeds of the bonds when sold.
The plaintiff offers no explanation as to why he did not receive these bonds at the time the other securities held by Vermilye & Go. for him were delivered, and it is clear that he had no thought then that he had any claim against Vermilye & Go. on account of *829 these bonds. The only explanation offered by plaintiff’s counsel, in his brief, is “ that plaintiff had, by lapse of memory, or otherwise, lost track of these securities.” If his memory was so bad at the-time the transaction was fresh in his mind as to his right to such a large amount, I think his memory, after the lapse of twenty years, is entirely insufficient upon which to base a finding that he ever delivered these bonds to the defendants, or that, if they were delivered, they were not returned to plaintiff prior to the time that his account was settled. The defendants were at the time when it was claimed these bonds were delivered to them, a banking house of prominence in the city of New York, and of most ample responsibility, and have continued in business from that time to the present, always occupying a prominent position as bankers and brokers in New York. It is inconceivable, if such a claim ever had any existence, that plaintiff would have delayed making it for twenty years, until all of defendants’ books, from which information could be obtained as to bonds received by them at' the time, and as to what disposition had been made of such Ronds, should have been destroyed, and Mr. Yermilye the head of the firm, prevented by death from testifying.
Upon all the facts of the case, including the acts of the plaintiff at the time of the settlement of the account and his subsequently giving the receipt mentioned, I am' satisfied that, if these bonds ever were delivered to Yermilye & Co., they were returned by them to plaintiff, or their proceeds accounted for.
There should be judgment, therefore, dismissing the complaint with costs.