# FOURTH DEPARTMENT, NOVEMBER, 1919.

In the Matter of the Judicial Settlement of the Accounts of GILBERT L. LEWIS, as Executor, etc., of JAMES WOODHAMS, Deceased, Respondent. EDWARD J. WOODHAMS, Appellant.

*Statute of Limitations — decedent's estate — claim on note.*

Appeal by the contestant, Edward J. Woodhams, from part of a decree of the Surrogate's Court of the county of Monroe, entered in the office of said Surrogate's Court on the 29th day of April, 1919, in a final accounting of the executor of the will of James Woodhams, deceased.

PER CURIAM: Since the note for $400 given by the appellant to the testator was dated January 6, 1890, and was payable one year after date and the note for $85, given by the appellant to the testator was dated April 4, 1890, and was payable four years after date, the former was past due twenty-eight years and the latter was past due twenty-four years at the time of the death of the testator. Under the doctrine laid down in *Bean* v. *Tonnele* (94 N. Y. 381, 386), the presumption is that these apparent obligations are stale demands, and, as we discover no circumstance disclosed in the evidence either to rebut or fortify this presumption, we disapprove and reverse the finding of the court below to the effect that these notes were not paid nor settled in the lifetime of the deceased. It does not appear that the attention of the learned surrogate was called to this feature of the case. That part of the decree appealed from is reversed and the matter remitted to the Surrogate's Court to be proceeded with in accordance with this memorandum.

All concur. Decree so far as appealed from reversed, and matter remitted to Surrogate's Court to be proceeded upon in accordance with per curiam memorandum, with costs to the appellant to abide the final award of costs.