Friedfeld v Citibank, N.A. (2020 NY Slip Op 05575)





Friedfeld v Citibank, N.A.


2020 NY Slip Op 05575


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Index No. 161344/15 Appeal No. 11992 Case No. 2019-3772 

[*1]Arleen Friedfeld, as Executor of the Estate of Samuel Friedfeld, Deceased Plaintiff-Appellant,
v
Citibank, N.A., Defendant-Respondent.


The Law Offices of Susan M. Smith, Nanuet (Susan M. Smith of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York (J. David Morrissy of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered March 22, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff  the widow of Samuel Friedfeld and the Executor of his estate  seeks payment on an Individual Retirement Account (IRA) established by her late husband at European American Bank (EAB), which defendant acquired in 2001. Mr. Friedfeld placed his IRA contributions in certificates of deposit (CDs) that renewed automatically. He died in 1987 at the age of 51, and according to her affidavit, plaintiff did not discover the documents relating to the IRA until June 2014. Beginning in November 2014, she asked defendant to pay out on the IRA. When her efforts proved unsuccessful, she commenced this action in November 2015.
The court improperly dismissed the complaint. Defendant relied upon the common law rebuttable presumption of payment to establish its prima facie case. It presumes that payment on a CD has occurred within 20 years after the time it came due (see Olko v Citibank N.A., 44 AD3d 356 [1st Dept 2007], Lin Pi-Luan L v Citibank, N.A., 2016 NY Slip Op 30963 [U][Sup Ct, NY County 2016]) . In opposition, plaintiff has raised issues of fact with respect to whether the presumption applies because the CD, held by an IRA, renewed automatically each year. Plaintiff has also provided an affidavit stating that she never presented the CD to defendant for payment and explaining the delay. Plaintiff's affidavit was sufficient to warrant denial of summary judgment (see Guide to NY Evid rule 3.01, Presumptions in Civil Proceedings).
If plaintiff were seeking payment on CDs that did not renew automatically, the presumption of payment would make sense since it "is founded upon the ground that a person naturally desires to possess and enjoy his own" (Bean v Tonnele, 94 NY 381, 386 [1884]). However, plaintiff seeks payment on an IRA, not a CD, and the CDs within the IRA renewed automatically.
An IRA is a way to save for retirement (see Rousey v Jacoway, 544 US 320, 331-332 [2005]). "Withdrawals made before the accountholder turns 59½ are, with limited exceptions, subject to a 10-percent tax penalty" (id. at 323; see also id. at 327). Accountholders are also encouraged to wait to withdraw funds because "[t]he later withdrawal occurs, the longer the taxes on the amounts are deferred" (id. at 332). Given the above characteristics of an IRA, it does not make sense to apply a presumption of payment from the maturity date of each CD within the IRA.
It is true that "[t]he Internal Revenue Code . . . permits penalty-free distributions to a beneficiary on the death of the accountholder" (id. at 333), and had plaintiff known about her husband's IRA around the time of his death, it might make sense to apply the presumption of payment from the death date. However, as she explained in her affidavit, she "had no knowledge of [her husband's] IRA when [he] died." Notwithstanding any skepticism regarding plaintiff's claim that she was unaware of the IRA until June 2014, "[i]n determining whether summary judgment is appropriate, the motion court . . . should not pass on issues of credibility" (Dauman Displays v Masturzo, 168 AD2d 204, 205 [1st Dept 1990], lv dismissed 77 NY2d 939 [1991]).
The motion court also improperly dismissed the complaint based on laches. An IRA is a trust (see Rousey, 544 US at 322), and documents in the record denominate EAB as Mr. Friedfeld's trustee. "A fiduciary is not entitled to rely upon the laches of his beneficiary as a defense, unless he repudiates the relation to the knowledge of the beneficiary" (Matter of Barabash, 31 NY2d 76, 82 [1972] [internal quotation marks omitted]). The earliest that defendant (EAB's successor) can be said to have repudiated the relationship is December 29, 2014, and plaintiff commenced this action less than a year later (see also Olko v Citibank, N.A., 44 AD3d 356 [1st Dept 2007]).
Furthermore, defendant's contention that plaintiff failed to demonstrate entitlement to the alleged CDs because she possessed no admissible evidence, is unavailing. Since it was defendant that moved for summary judgment, it had the burden to "tender sufficient evidence to demonstrate the absence of any material issues of fact" (Vega v Restani Constr. Corp.,18 NY3d 499, 503 [2012] [internal quotation marks and brackets omitted]). In any event, the bank records that plaintiff discovered may be
admissible as business records (see Elkaim v Elkaim, 176 AD2d 116, 117 [1st Dept 1991], appeal dismissed 78 NY2d 1072 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020