## Hill v. Gayle & Bower.

1. An application for the continuance of a cause, addresses itself to the discretion of the court, and a decision upon it, cannot be revised by an appellate tribunal.
2. *Quere.* Is not a deposition admissible as evidence, although not certified "under the seal" of the commissioner, as directed by the commission. It certainly is, if the commission does not require such a certification.
3. The possession of a bill by the drawee, after its maturity, is *prima facie* evidence of payment.
4. Whenever a merchant sends goods to the order of his customer, duly directed by the usual mode of conveyance, he is entitled to be paid for them, unless he failed to comply with some instruction which has occasioned a loss to his customer.

THE defendants in error declared against the plaintiff, in the County Court of Wilcox, for money had and received, laid out and expended, work and labor done, goods, wares, and merchandize, sold and delivered, and an account stated.

The plea of *non assumpsit,* with other pleas, being interposed by the plaintiff in error, an issue was made up, and submitted to a jury. On the trial, the presiding judge sealed a bill of exceptions, from which it appears: 1st. That a motion for a continuance, at the instance of the plaintiff in error, was overruled by the court: 2d. That the court permitted a deposition, taken at the instance of the defendants in error, to be read to the jury, notwithstanding it was not certified under the seal of the commissioner: 3d. That the court decided, that the possession of certain bills of exchange, by the defendants in error, drawn by the plaintiff on them, was evidence of payment by them: 4th. That bills of lading, signed by the clerks of certain steamboats, for goods shipped by the defendants in error, to the plaintiff, in pursuance of his orders, were sufficient to charge him, though there was no proof of actual delivery to the plaintiff, or at the point of destination.

The plaintiff here, assigns for error, the questions of law, arising upon the bill of exceptions.

PROCTOR, for the plaintiff.
EDWARDS, for the defendants.

COLLIER, C. J.—It has been repeatedly held, that an application for the continuance of a cause, addresses itself to the discretion of the court, and is to be determined by a proper regard to the circumstances of the case, and the character of the application. And this discretion, whether wisely, or unwisely exercised, can never be revised in an appellate tribunal. There is nothing, it is believed, in our statutes or rules of court, in regard to continuances, which should induce us to adopt a different conclusion.

2. The commission under which the deposition was taken, does not direct its certification, under the seal of the commissioners. After requiring them to take the answers of the witness, to the interrogatories, and cross-interrogatories, the commission proceeds as follows: "and his testimony, so taken as aforesaid, together with the commission, and the interrogatories, and cross-interrrogatories, thereunto appended, you will transmit under your hand and seal, directed to the clerk of the County Court of Wilcox, &c." The direction, here, obviously relates to the envelope, which is to enclose the commission, and deposition, and is intended to prevent alteration, and to guarantee that the testimony of the witness, when it reaches the court, shall be, what he deposed on the examination. To this end, the commissioners or the commissioner, who may act, are required to seal it up, and transmit it under their hands. But we are not sure, that the objection would have been well taken, even if the commission had contained the requisition, the plaintiff's counsel had supposed it does. Neither of our statutes prescribing the manner in which depositions are to be taken, require, that the commissioners should attest the genuineness of the examination, by certificate under their hands and seals; and if a clerk thinks proper to insert in a commission, such a direction, it may well be

Hill v. Gayle & Bower.

questioned whether its observance would be regarded as essential, or if a certificate, under the *hand alone* of the commissioner, would not be quite sufficient. But as this question does not arise upon the record, we decline its decision.

3. As the drawee of a bill, is not entitled to its possession before payment, we think it clear that the possession after maturity, is *prima facie* evidence that it has been paid. But if this presumption is not founded in truth, it is competent for a party interested, to show the fact to be otherwise. The possession of the bills by the defendants, were not evidence in themselves, to show an indebtedness by the plaintiff in error, but they might, and we presume did prove, that they were not in funds of the plaintiff to meet his bills.

4. We must suppose, in the absence of any thing to the contrary, that the bills of lading referred to, in the bill of exceptions were regularly proved; that the steamboats took lading for the place, whither the plaintiff in error directed consignments to be made. After the defendants had placed the articles ordered by the plaintiff, on boats, with a proper direction, it must be unimportant to them, so far as their interest is concerned, whether they were received or not. It is not pretended, that they insured their safe delivery. Whenever a merchant sends goods to the order of his customer, duly directed, by the usual mode of conveyance, he is entitled to be paid for them, unless he has failed to comply with some instruction, which has occasioned a loss to the customer. It is not pretended, in this case, that the defendants have disregarded any instructions of the plaintiff; in fact, the bill of exceptions itself, negatives such an inference.

There is no error in the points presented, and the judgment of the County Court is therefore affirmed.