JOHNSON KNIGHT, Administrator, *vs.* NANCY MCKINNEY.

Waldo.    Opinion December 12, 1891.

*Mortgage.    Presumption of Payment.    Limitations.    Evidence.*

Nothing but payment of the debt or its release will discharge a mortgage.

The lapse of twenty years from the maturity of a mortgage raises only a presumption of payment which may be repelled.

Relationship of the parties, as well as the pecuniary circumstances of the parties, has legitimate weight upon this question.

ON REPORT.

The case is stated in the opinion.

*J. H. Montgomery*, for plaintiff.

*W. P. Thompson*, for defendant.

FOSTER, J. Real action, brought by the administrator of the mortgagee against the defendant who claims title and right to possession of the demanded premises under a mortgage of earlier date.

The mortgage under which the plaintiff claims title was given by the defendant's husband to Henry Knight, the plaintiff's intestate, October 20, 1879. That under which defendant claims title and possession was given by her husband to Seth L. Milliken October 1, 1861, and by him assigned to her February 26, 1863.

The question upon which the rights of these parties depends is, whether or not the mortgage under which the defendant claims is a valid subsisting mortgage, or whether it has been paid in fact, or presumptively by lapse of time so that it has no longer any legal existence.

If the mortgage is still a subsisting lien upon the real estate, the plaintiff cannot maintain this action.

The plaintiff relies upon the presumption of payment raised by the lapse of twenty years.

The uncontradicted evidence satisfies us that the mortgage has never been paid. Nothing but payment of the debt or its release will discharge a mortgage. *Bunker* v. *Barron*, 79 Maine, 62. The lapse of twenty years from the maturity of a mortgage raises only a presumption which may be repelled in various ways. The defendant purchased the mortgage and note in good faith, with money of her own. The assignment was made to her by the owner of it, and it thereby remained a subsisting lien upon the premises. Her husband, the mortgagor, had gone into the army. He was in possession of the premises up to the time of entering the service, and the defendant continued in possession ever afterward. He died in 1887. Milliken had been unable to collect either principal or interest of the husband. He was virtually insolvent.

The plaintiff contends that the mortgage has become barred

by the statute of limitations, inasmuch as no steps have been taken to enforce it since it became due in October, 1862.

As bearing upon that question the relationship of the parties has considerable weight, as well as the pecuniary circumstances of the party owing the debt. *Philbrook* v. *Clark*, 77 Maine, 176. Thus in the case of *Wanamaker* v. *VanBuskirk*, 1 Saxton's Ch. (N. J.) 685, presumption of payment of a mortgage twenty-three years overdue, given by VanBuskirk to Wanamaker, his wife's father, was relied on. The court said : "Length of time may be set up to show that nothing is due, as well as to raise a presumption of payment. Still, it is but a presumption, and the fact that in this case the parties interested are nearly related, and that the collection of the money might have occasioned distress, and even the payment of interest inconvenience, is sufficient to repel it. In cases where length of time is relied upon as evidence of payment, it may be repelled by showing the fact that the party was a near relation. This presumption may be repelled by a variety of circumstances. The very situation of the parties is of itself sufficient. One ground for a presumption of payment growing out of a lapse of time is that a man is always ready to enjoy his own. Whatever will repel this will take away the presumption of payment, and for this purpose it has been held sufficient that the party was insolvent or a near relation."

In the present case the reasons for the non-enforcement of the defendant's claim against her husband, are sufficiently strong to repel the presumption of payment.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.