GERALD McMURRAY, Appellant, v. ANDREW McMURRAY and Others, Respondents.

*Evidence — possession by a mortgagor of a bond and mortgage — presumption of payment — personal transactions with a deceased mortgagor.*

A bond and mortgage, given in 1873, which provided for the payment of the principal sum secured thereby in 1878, was proved to have been in the possession of the mortgagor in 1876, and to have remained in the possession of himself or his agent for fifteen years. Some years after the death of the mortgagor the bond and mortgage came into the possession of the mortgagee, whose assignee undertook to foreclose it. The mortgagor was not shown to have been insolvent at any time, and no demand upon him for payment by the mortgagee was proved.

*Held,* that the facts afforded a very high degree of evidence that the bond and mortgage had long been satisfied.

That the mortgagee was incompetent, under section 829 of the Code of Civil Procedure, to testify that he had never been paid any money on account of the mortgage.

Appeal by the plaintiff Gerald McMurray from a judgment of the Supreme Court, entered in the office of the clerk of the county of Dutchess on the 23d day of June, 1891, in favor of the defendants dismissing the complaint upon the merits, declaring a mortgage attempted to be foreclosed no longer a lien upon the land described therein, and directing that it be canceled of record.

Upon the trial of the action the mortgagee was asked :

Q. " Is that a copy of the paper you received from the mortgagee ? " (Question excluded. Exception.)

Q. " Have you ever been paid the consideration of the mortgage ? " (Question excluded. Exception.)

Q. " Did you ever receive any money on account of that mortgage ? " (Question excluded. Exception.)

The mortgagor died three or four years before the trial in 1891.

The justice before whom the action was tried found, among other things, as follows:

*Third.* I find that Bartholomew McMurray, the mortgagor, died three or four years since; that the said Bartholomew McMurray, the mortgagor, had the bond and mortgage in his possession from the year 1876, and delivered the same to Mrs. Mary Gallagher, at the city of Poughkeepsie, to keep for him, and that upon his death said Mrs. Mary Gallagher delivered the same to the widow of said mortgagor, who is now deceased, and that the defendant Richard Barrett, now the general guardian of the minor children of said mortgagor, who are all defendants in this action, has had the possession of said bond and mortgage up to this day and date, since the death of said widow, and now produces the same upon this trial.

*G. A. C. Barnett,* for the appellant.

*Horace D. Hufcut,* for the respondents.

PRATT, J.:

This action was brought to foreclose a mortgage given May 26, 1873, by Bartholomew McMurray and wife to Andrew McMurray, to secure the payment of $2,000 upon the 26th of May, 1878, interest to be paid annually, June first each year, at the rate of seven per cent; a bond for such sum accompanied the mortgage, with condition as above.

The complaint shows that the mortgagor and his wife were each deceased at the time of the trial, and the defendants in the action were the children of the mortgagor. The mortgagor died three or four years since, and subsequently his wife died. The defendants are all infants and children of the mortgagors, except defendant Edmonds, a tenant, and Richard Barrett, who is the grand-parent of the infants and their general guardian.

It appears that Bartholomew McMurray was in the habit of stopping at the New York Hotel, in the city of Poughkeepsie, and that some fifteen years or more prior to the trial (1891), he (the mortgagor), gave to Mrs. Gallagher, the landlady, some papers to keep for him. She kept them for fifteen years or more, and when she heard the mortgagor was dead sent them by mail to the mortgagor's widow, at Dover Plains, and when she died Richard Barrett, her

father, found them in the house. The mortgage and bond were in form assigned by Andrew McMurray, the original mortgagee, to Gerald McMurray February 11, 1890, who is the plaintiff in this action.

The great lapse of time that the mortgagor had been in the undisputed lawful possession of this bond and mortgage, and that no effort had ever been made to collect either interest or principal by the mortgagee, affords a very high degree of evidence that if the mortgage and bond ever had any validity it had long been satisfied. (*Giles* v. *Baremore*, 5 Johns. Ch., 545 ; *Jackson* v. *Sackett*, 7 Wend., 94 ; *Hill* v. *Gayle*, 1 Ala. [N. S.], 275 ; *Levy et al.* v. *Merrill*, 52 How. Pr., 360 ; *Jackson* v. *Pratt*, 10 Johns., 387 ; *Clark* v. *Hopkins*, 7 id., 556.)

The question put to the mortgagee clearly called for testimony of a personal transaction with the deceased mortgagor and fell within the prohibition contained in section 829 of the Code of Civil Procedure.

The evidence in this case points to but one conclusion, to wit, that the mortgagor and his wife being dead, an attempt is made to collect this bond and mortgage from their children, who are assumed to be entirely ignorant of the circumstances surrounding the transaction.

The conduct of the mortgagee is utterly inconsistent with any honest claim in this suit. (*Bergen* v. *Urbahn*, 83 N. Y., 49.) He had no bond and mortgage for fifteen years, and never made any claim for principal and interest during all this time, although, so far as appears, the mortgagor was amply responsible.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.