JENNINGS v. PEAY.

LIMITATION OF ACTIONS—MORTGAGES.—An action on a bond and mortgage executed prior to the Code of 1870, but due after its adoption, is barred in twenty years after the debt is due, and in six years after last payment.

Before BENET, J., Fairfield, October, 1897.    Affirmed.

Action in foreclosure by Robert H. Jennings, as clerk of the court, against Nicholas A. Peay.    The Circuit decree is as follows:

This action was brought by the plaintiff, as clerk, to recover two deferred payments on a bond and mortgage given to his predecessor in office by the defendant.    The defenses of payment, laches, and the statute of limitations are interposed by the defendant.    The cause was referred to W. D. Douglass, Esq., to take the testimony, and comes before me for trial on the report of said referee.    The bond and mortgage bear date the 1st November, A. D. 1869, payable in five equal annual instalments from date.    Many partial payments were alleged and proved, the last bearing date the 29th November, 1886.    I do not think that this is a proper case for the application of the doctrine of laches, but I do think it a case to which the statute of limitations applies. At the time of the commencement of this action, on the 12th day of November, 1896, more than twenty years had elapsed from the date of the execution of the bond and mortgage, and more than six years from the date of the last payment thereon; whether we regard the action, therefore, as based on the original contract, or upon the contract implied from the partial payments, it is equally barred by the statute of limitations.

It is, therefore, considered, adjudged, and decreed, that the complaint in this action be, and the same is hereby, dismissed.

From this decree, the plaintiff appeals on following exceptions:

I. For that his Honor erred in holding that the statute of limitations was applicable to the facts established and found by him in this case, and in dismissing the complaint on that ground.

II. For that his Honor erred in not holding that, while an action on the bond might be barred by the statute of limitations, an action for the foreclosure of the mortgage was not subject to the plea of the statute of limitations, because the said mortgage was executed and its lien attached prior to the adoption of the statute of limitations in 1870, and acts amendatory thereof.

III. For that his Honor erred in not holding that said mortgage, having been executed prior to the adoption of the Code, was not subject to the plea of the statute of limitations, but only to a plea of presumption of payment arising from lapse of time.

IV. For that his Honor erred in not holding that said mortgage, being a valid lien on the land mentioned in the complaint at and after the time of its execution and delivery, could only be discharged by actual payment, or by lapse of time sufficient to raise the presumption of payment, or by some voluntary act of the mortgagee sufficient to raise an estoppel.

V. For that his Honor erred in not holding that the lien of said mortgage was continued by the various payments made thereon up to the 29th day of November, 1886; and that each payment created a new period from which the presumption of payment would commence to run; and in not holding that an action for the foreclosure of said mortgage could be maintained at any time within twenty years from the date of the last payment, to wit: from the 29th day of November, 1886.

VI. For that his Honor erred in not holding that the lien of said mortgage having attached on the 1st day of November, 1869, and there not being at that time any statute of limitations in this State applicable to mortgages, was subject only to the law relating to presumption of payment

from lapse of time; and it was beyond the power of the General Assembly to enact any statute of limitations that could affect said mortgage, inasmuch as such a statute would be unconstitutional, null, and void, upon the ground that the same would impair the obligation of a contract, and would divest vested rights.

*Messrs. J. E. McDonald* and *James G. McCants*, for appellant, cite: 26 S. C., 526; 11 Rich. L., 703; 18 S. C., 485; 19 S. C., 263; 27 S. C., 169, 267; 38 S. C., 147; 40 S. C., 59; 42 S. C., 177; 13 S. C., 253; 15 S. C., 577; 28 N. E. R., 638 (14 L. R. A., 59); 1 Chev., 1; 15 Strob. Eq., 257; 17 S. C., 499; 31 S. C., 1; 34 S. C., 468; 2 How., 608; 1 How., 311; 83 Ind., 498; 2 S. C., 226, 233; 5 S. C., 127; 24 How., 464; 15 Wall., 622; 13 Rich., 498; 16 S. C., 29; 15 Wall., 610; 1 How., 311; 2 How., 612; 3 How., 717; 24 How., 461; 31 S. C., 12; 9 S. C., 294.

*Messrs. Ragsdale & Ragsdale*, contra, cite: 5 Met., 168; 6 How., 550; 9 How., 522; 14 How., 448; 1 Carter, 56; 4 Tex., 470; 35 Ala., 560; 6 Jones, 100; 42 S. C., 89; 18 S. C., 481; 14 Stat., 447; 9 S. C., 441; 38 S. C., 304; 47 S. C., 440; 15 Rich., 365; 35 S. C., 613.

Feb. 19, 1898.   The opinion of the Court was delivered by

Mr. JUSTICE GARY.   This action was commenced on the 12th of November, 1896, to foreclose the mortgage described in the decree of his Honor, Judge Benet, which, together with the appellant's exceptions, will be set out in the report of the case.

The respondent gave notice that he would ask this Court to sustain the decree upon grounds additional to those upon which his Honor based his decree.   The view which this Court takes of the questions raised by the exceptions renders the additional grounds immaterial.

As stated by the appellant in his argument, the exceptions raise only one question, to wit: Is the statute of limitations applicable to this case, as held by his Honor, so as

to bar the right of foreclosure of the mortgage? The bond
and mortgage were executed on the first of November,
1869, and the bond was payable in five equal annual in-
stalments. The first payment, then, fell due on the first
of November, 1870, after the adoption of the Code of Pro-
cedure, which went into effect on the first of March, 1870.
Section 96 of the Code was as follows: "The provisions of
this title shall not extend to actions already commenced, or
to cases where right of action has already accrued; but the
statutes now in force shall be applicable to such cases, ac-
cording to the subject of the action, and without regard to
the form." Section 97 thereof was as follows: "Civil
actions can only be commenced within the periods pre-
scribed in this title, after the cause of action shall have
accrued, except where, in special cases, a different limita-
tion is prescribed by statute, and in the cases mentioned in
section 96." Section 113 prescribed the time for com-
mencing actions, other than for the recovery of real prop-
erty, as follows: "Within twenty years * * *. Subdivision
2. An action upon a sealed instrument." The words, "Civil
actions can only be commenced within the periods prescribed
in this title after the cause of action shall have accrued,"
&c., and "An action upon a sealed instrument," show that
it was the intention of the legislature to make the statute of
limitations applicable to an action for the foreclosure of a
mortgage. The statute of limitations is applicable in this
case because the cause of action on the mortgage did not
accrue until the maturity of the several instalments, which
was after the Code went into effect. As the action herein
was not commenced within twenty years after the accrual
of the right of action on the mortgage, nor within six years
after the last payment thereon, the Circuit Judge was correct
in sustaining the plea that the action was barred by the
statute of limitations. The recent cases of *Millwee* v. *Jay*,
47 S. C., 430, and *Stoddard* v. *Owings*, 42 S. C., 88, so con-
clusively sustain the decree of the Circuit Judge, that we
deem it unnecessary to do more than cite those cases.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.