# Davison *v.* Dennis.

*Bill to Reform Mortgage and for Foreclosure.*

(Decided April 18, 1912.   58 South. 401.)

1. *Work and Labor; Relationship of Parties; Implied Agreement to Pay Board.*—Where there was no agreement or engagement between the person and her brother-in-law to pay board when she entered his house after the death of her mother, and nothing was ever said between the parties as to such payment, such person is not chargeable therewith.

2. *Pleading; Set Off; Necessity.*—In an action to reform and foreclose a mortgage, equity will not award defendant a sum for board alleged to be due him by complainant in the absence of a cross bill asserting a set off therefor.

3. *Payment; Presumption; Delay.*—Where the mortgagee was a member of the mortgagor's household during that time, and the mortgagor never demanded his mortgage, a delay of sixteen years in bringing an action to reform and foreclose a mortgage will not raise a presumption of its payment.

4. *Same; Evidence.*—The evidence stated and considered and held to show non-payment of the mortgage debt.

5. *Appeal and Error; Disposition and Determination.*—Where the action was to reform and foreclose a mortgage, and there was an admission by respondent of an intention to secure the loan by a mortgage on a portion of the lands included in the mortgage sued on, and the decree below was controlled by an incorrect finding on the issue of payment, the cause will be remanded with directions to reform.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. F. W. HARE, Special Judge.

Bill by M. E. Davison against T. E. Dennis to reform a mortgage, and to foreclose. From a decree for respondents complainant appeals. Reversed and remanded with directions.

The mortgage referred to is as follows: "That the note of even date with this to M. E. Davison for the sum of $200.00, and payable on the 1st day of December next, was ·given for money obtained by us from her bona fide. We also declare that said money or the

amount thereof shall be a lien on our plantation in Monroe county, Alabama. In consideration of said money lent, and to further secure the payment of the note above specified according to the tenor and effect thereof, we do hereby also bargain, sell, and convey to the said M. E. Davison the following described real estate, to wit: N ½ of S. W. ¼, and S. W. ¼, Sec. 22." Here follow the usual covenants and powers. This mortgage was executed February 6, 1891, duly acknowledged by both Dennis and his wife, and recorded. The bill seeks to add to the description the township and range.

McCLELLAN & RATCLIFFE, and T. S. WIGGINS, for appellant. Set off is not available in equity except by cross-bill, and the chancellor erred in his finding that the mortgage had been paid.—*Weaver v. Brown*, 87 Ala. 533. Under the testimony of the respondent complainant could not be chargeable with board.

BARNETT & BUGG, for appellee. The bill was properly dismissed as complainant failed to make a case.—Fletcher on Equity Pleading & Practice, 712 and cases cited. The court will not disturb the order refusing a new trial.—*Bank of Commerce v. Eureka Co.*, 108 Ala. 89.

McCLELLAN, J.—This bill, exhibited by appellant against appellee, seeks the reformation of a mortgage, in respect of description of the property incumbered, and thereupon its foreclosure to satisfy the mortgage, the principal of which was a $200 debt.

On original submission of the cause, it was ruled that the respondent had discharged the burden resting upon him to sustain his defense of payment of the debt

for which the mortgage was given. A rehearing was had before the Honorable F. W. Hare, as special chancellor; the chancellor being ill. Upon this second consideration, the stated conclusion on this issue was reaffirmed. If the mortgage debt had been paid before the bill was filed, of course, the complainant was due to fail.

The testimony on the question of payment of the mortgage debt is in irreconcilable conflict. This condition, however, does not avert the necessity to determine the issue. The date of the instrument of mortgage is the 6th day of February, 1891. A short time after this date, the complainant's mother having died, she went, upon invitation of respondent and his wife, who was complainant's sister, to reside in their home. For 10 years she resided in respondent's home as a member of his household. It appears from testimony for the complainant that other loans, at various times, were made to respondent by her, though the respondent disputes most of those to which complainant testifies. The aggregate (in principal) of the loans which complainant affirms is, as we understand it, $887; and she concedes payments by respondent, in the years 1901, 1904, 1906, of an aggregate sum of $749; $100 thereof being part payment or unidentified interest, and $49 thereof being interest earned and paid on a $300 loan by her to respondent. The loans, according to her testimony, aggregating the sum of $887, may be enumerated, with their dates: $200 (mortgage debt), February 6, 1891; $100, November 30, 1891; $116, February ———, 1892; $75, March ———, 1892; $65, March ———, 1892; $131, May ———, 1893; $76 a few weeks later; $124, composed of sundry items of loan between, on undesignated dates, 1892 and 1902.

The respondent denies the loans composing complainant's item of $124, and also that of $100, that of $116, and of $65, that of $131, and that of $76. He testifies, however, that he paid complainant a total sum of $979, including therein all interest he was due her, and "paid her until she said she was satisfied." He affirms and she denies payment of the mortgage debt. Whether the $100, which she testifies was partial payment, in 1901, of *interest,* was applicable or to be applied to interest on the *mortgage debt,* or on some other obligation or demand, it is not possible, we think, to decide on this record.

The respondent admits having borrowed of complainant only two sums of money, viz., the $200 mentioned in the mortgage and another of $350. Indeed, he says that is all he ever borrowed from her. When the $350 loan was made is not specified by respondent.

The foregoing statement leaves no room for doubt that there was, at times, dealings with respect to a loan or loans of money, besides that represented by the mortgage, by complainant to respondent. The source of her fund, respondent testifies, so far as *his* knowledge goes, was as distributee of her mother's estate, and that in the sum of $600. It cannot be affirmed, on this testimony alone, that her financial resource was that only. Indeed, it is certain that $600 employed at straight legal interest for a period of even five years, would together amount to upward of $800.

Coming down to the particular issue under consideration, it must really turn, in conclusion, upon whether respondent's testimony is to be accepted as, under the circumstances, wholly countervailing that in negation of payment of the mortgage debt.

On his original examination, it is too evident for doubt that respondent held to the view that he had sat-

[Davison v. Dennis.]

isfied this mortgage debt, at least partially, by affording complainant "board" during about 10 years, and also in providing her with funds for two or three trips, and in furnishing her with clothing, which two latter mentioned items amounted to $40 a year. The complainant expressly denies these advancements. As to the board, the respondent himself testified that "there was nothing ever said between us as to board." The relationship between complainant and respondent, through his wife, her entry of his home after her mother's death, as a member of the family, and the entire absence of any engagement between respondent and complainant as to board, affirmatively negative any idea of obligation, or the assumption of obligation, on her part to pay board.—*Patterson v. Carter,* 147 Ala. 522, 41 South. 133. Besides, the absence of a cross-bill, asserting a set-off on account of indebtedness for board, or on any other account, forbids reference to these matters in the solution of the issue between them.—*Weaver v. Brown,* 87 Ala. 533, 6 South. 354. When the respondent came to testify at a subsequent stage of the cause, it appears from his whole testimony on that occasion that his asserted payments to complainant were in money only, and that without reference to the board and other items particularly presented in his original examination. Such distinct bases of claim, on the same issue, naturally qualify the assurance of accuracy and certainty that might otherwise prevail.

A number of witnesses, many of them related to complainant and to respondent in different degrees, were offered in impeachment of the complainant and another of her witnesses. On the other hand, unrelated and uninterested persons testified in support of their reputations for truth and veracity. On the whole testimony

in this connection, it cannot be said that the impeachment was sustained.

It is urged that the great lapse of time between the maturity of the mortgage debt and the institution of this action, viz., about 16 years, is a potential fact in refutation of the complainant's contention of nonpayment. The situation and relation of the parties, their dealings along through a large part of the period mentioned, coupled with the further fact that respondent never demanded his mortgage, deny mere delay and effect to refute positive testimony and persuasive circumstances. The conclusion on the whole evidence, which has been cautiously considered, is that respondent has not paid the mortgage debt.

The respondent admits the intent to secure the loan of February 6, 1891, by mortgaging the N. ½ of the S. W. ¼ of section 22, township 8, range 8. The body of the mortgage, omitting formal parts, will be set out in the report of the appeal. The conclusion below was controlled by an incorrect finding upon the issue of payment vel non. It appears that the complainant is entitled to have the mortgage reformed at least as to the *admitted* extent of perfecting the description of the N. ½ of the S. W. ¼ of section 22, township 8, range 8. The decree is therefore reversed.

The cause is remanded, with directions to reform the instrument as the chancery court may be later advised, and to state the account between the parties as to the indebtedness by respondent to complainant on the mortgage of February 6, 1891.

Reversed and remanded, with directions. All the Justices concur, except DOWDELL, C. J., not sitting.