## ALBERT A. MARSHALL
*vs.*
## HELEN NICHOLS SARAFIN

Court of Common Pleas     Middlesex County     File No. 73

MEMORANDUM FILED JUNE 26, 1942.

*Coulter & Schatz,* of Essex, for the Plaintiff.

*Joseph N. Manfreda,* of Wallingford, for the Defendant.

Memorandum of decision in action to foreclose mortgages.

BORDON, J. The defendant claims that she should pre-vail because:

1. The presumption of payment of the notes, which matured in 1916, runs in her favor.

2. That the notes have actually been paid through conveyance of two lots owned by the life tenant.

3. That the mortgages have been extinguished by conveyance of the mortgaged property by the life tenant to the mortgagee.

4. That failure to make payment ôf principal or interest by the defendant, or her predecessor in title, since maturity of the notes bars enforcement under the statute of limitations.

5. Adverse possession in her favor.

The court's task in sustaining the defendant's claims of law would be materially simplified if her evidence warranted a finding of facts to which her legal conclusions could be successfully applied.

Although a presumption may run in her favor, it is, nevertheless, her legal duty to sustain the burden of proof of the allegations constituting her defenses. And in this duty she has failed on each of her claims.

A presumption of payment from lapse of time may arise with respect to a debt secured by a mortgage where the mortgagor has remained in possession of the land with no payment on account of the mortgage debt, no recognition of it as a subsisting obligation, and no attempt to enforce it, for 20 years or more. 48 C.J. Payment §211, p. 698.

This presumption in favor of a mortgagor is a judicial creature to prevent the enforcement of stale and ancient obligations where the facts surrounding their creation may have passed from life with the passing of the immediate parties to the transaction. It is justified by the natural propensity of man to have and enjoy what is his own, and not to permit his rights to slumber, unasserted, for a long period of time. Scott vs. Scott, 202 Ala. 244, 80 S. 82; Knight vs. McKinney, 84 Mc. 107, 24 Atl. 744.

Some states, recognizing the wisdom of this rule, have supplemented judicial decisions with statutes barring such actions after a lapse of 15 or more years. Jennings vs. Peay, 51 S.C. 327, 28 S.E. 949; Aetna Life Insurance Co. vs. McNeely, 166 Ill. 540, 46 N.E. 1130; McLean vs. McLean, 184 Wis. 495, 199 N.W. 459.

But there can be no uniform or arbitrary application of

this broad legal principle to every effort to enforce collection of an ancient obligation. The facts and circumstances of each case determine its applicability.

Where an original mortgagee, now dead, made no demand upon an amply responsible mortgagor for a period of 15 years, the unrebutted presumption of payment was sustained by the court. *McMurray vs. McMurray*, 63 Hun 183, 17 N.Y.S. 657.

While a conclusive presumption of payment may not arise from a lapse of time, yet it is so strong that clear proof of nonpayment should be submitted. And where there is evidence which is inconsistent with the existence of an indebtedness, the presumption is strengthened. *Cowie vs. Fisher*, 45 Mich. 629, 8 N.W. 586.

A lapse of 20 years after a debt secured by mortgage becomes payable is sufficient evidence of payment, in the absence of countervailing considerations. But the presumption of payment may be rebutted by proper evidence. *Jarvis vs. Albro*, 67 Me. 310.

Ordinarily a mortgagee, who permits the mortgagor to remain in undisturbed possession of the premises for 15 years, or more, after his right to foreclose has accrued, without paying anything on the mortgage debt or in any way recognizing the continued existence of the mortgage, is guilty of such laches as will prevent his resort to a court of equity to secure a foreclosure of the mortgage. *Haskel vs. Bailey*, 22 Conn. 569; *House vs. Peacock*, 84 id. 54.

The uncontradicted evidence in this case repels the conclusion that the mortgages have been paid. The life tenant acknowledged their existence by making interest payments regularly until December, 1935. The plaintiff accounted for the interest receipts in his Federal and New York State income taxes, indicating a recognition of these obligations as active and subsisting mortgages. The fact that the life tenant was his mother, dependent on him for support, and making interest payments from monies given her by the plaintiff for her support, does not detract from the obvious intention of both mortgagee and life tenant to maintain the mortgages in full force and effect. In fact, occupation of the property by his mother during all the years following 1916 is sufficient justification for his failure to enforce his rights and, in itself, may rebut the presumption of payment.

A lapse of 20 years, or more, raises the presumption of payment when possession is in the mortgagor. But where possession is in a life tenant the presumption will not run in favor of the remainderman out of possession. *Crooker vs. Crooker*, 49 Me. 416.

A delay in bringing an action to foreclose a mortgage did not raise a presumption of payment where the mortgagee was a member of the mortgagor's household and mortgagor never demanded his mortgage. *Davison vs. Dennis*, 176 Ala. 435, 58 So. 401.

The lapse of 20 years from the maturity of a mortgage raises only a presumption which may be repelled in various ways. Relationship of the parties as well as their pecuniary circumstances has legitimate weight upon the question. The very situation of the parties is, of itself, a sufficient rebuttal of payment, and the presumption is rebutted by proof of insolvency or close relationship. *Knight vs. McKinney*, 84 Me. 107, 24 Atl. 744.

The rule that continued possession by the mortgagor for 20 years after the mortgage debt is payable without entry or claim by the mortgagee creates a presumption that the mortgage debt is paid has no application where the mortgagor is a remainderman and his only possession is in connection with the life tenant, since, until the death of the life tenant, he has no possession. *Jenkins vs. Andover Theological Seminary*, 205 Mass. 376, 91 N.E. 552.

The relationship of the plaintiff and the life tenant, the recognition of the existence of the obligation by the payment of interest, and failure of the defendant's predecessor in title to prove financial ability to pay the mortgages during the period in question effectively rebut the presumption of payment.

The defendant's claim that the conveyance of two lots owned by his mother was in satisfaction of the plaintiff's mortgages is unsupported by evidence and denied by the plaintiff. It may well be that she gave him these lots in appreciation for his kindness to her over a period of many years. Whatever reasons she may have had for giving him these lots there is, certainly, nothing in the evidence indicating an intention on her part to regard their conveyance as partial or full payment of the mortgages.

The claim that the conveyance of the mortgaged property by the life tenant extinguishes the mortgages cannot be sustained unless it is proven that such was the intention of the parties. Whether or not there is a merger depends upon the expressed or implied intention of the mortgagee, and where it is manifestly for his interest that the debt should remain outstanding and continue as a subsisting security, it will not be extinguished. *Simpson vs. Hall,* 47 Conn. 417.

Equity will not regard the mortgage interest and the equity of redemption as merged in one estate where the interest of the mortgagee required that they be kept separate, or there is evidence of his intent to keep them so. *Goodwin vs. Keney,* 47 Conn. 486.

A deed from a mortgagor to a mortgagee will not cause a merger of the mortgage title in the fee, where, from all the circumstances of the case it is apparent that such result was not intended and would be prejudicial to the rights of the mortgagee. *Beach vs. Isacs,* 105 Conn. 169.

The evidence is clear that there was no intention to cause a merger. The plaintiff took the deed from his mother with the expectation that the remainderman would also give him a deed and thus avoid a foreclosure. However, upon failure to obtain such a deed he intended to keep his mortgages alive.

The statute of limitations is an effective bar to the collection of the debt from this defendant or her predecessor in title, but does not bar the foreclosure of the mortgages securing the debt. The fact that the note is barred does not raise a presumption that it has been paid, or that the security has been satisfied. 48 *C.J. Payment* §211, p. 699.

Nothing but payment of a debt, or its release will discharge a mortgage. *.Bunker vs. Barron,* 79 Me. 62, 8 Atl. 253.

Such has been the accepted rule in this State for a great many years. In the case of *Belknap vs. Gleason,* 11 Conn. 160, it was held that where the security for a debt is a lien on property the lien is not impaired in consequence of the debt being barred by the statute of limitations.

This rule was followed in *Downey vs. Moriarty,* 81 Conn. 442, 445, which held that notwithstanding the fact that the statute of limitations might defeat an action on the note it could not avail to bar a foreclosure.

In the case of *Markham vs. Smith,* 119 Conn. 355, the appellant asked our Supreme Court to reconsider the rule laid down in the *Belknap* and *Downey* cases but the court refused to do so, reaffirming it in even stronger language than used by the court in the former decisions, and held, unequivocally, that the barring of a debt secured by a mortgage by the running of the statute of limitations does not prevent a foreclosure of the mortgage. *See, also, Kligerman vs. Union & New Haven Trust Co.,* 127 Conn. 622, 624.

The claim of adverse possession must also fail because the defendant was not in possession of the mortgaged premises until the death of the life tenant in 1941. There can be no adverse possession in favor of one who is out of possession. The life tenant was in possession until her death and during her tenancy recognized the existence of the plaintiff's liens. Consequently there was, during that period, no possession adverse to that of the mortgagee. Furthermore, the possession of a mortgagor cannot be adverse to that of a mortgagee unless the mortgagor denies title of the mortgagee, and such denial is brought to his notice. *Bristol Lumber Co. vs. Dery,* 114 Conn. 88.

Neither the defendant or her predecessor in title took any action to protect their interest in the property during the life tenancy. The remainderman knew that he was the co-maker of the second mortgage, and was also aware of the existence of the first mortgage made by his father. He now asks that the property in question be turned over to him free and clear of the mortgages, one of which was created by him to raise money to pay the bills of his father's estate. Had these bills not been paid at that time it would have necessitated a sale of the very property he now seeks to acquire unencumbered. The money which was advanced by the plaintiff for the payment of the estate bills was the means of saving the property for his present use. There seems to be no good reason why equity should give him more than he would have received if the plaintiff had not loaned him the money with which to save the property.

There is, however, one claim to which the plaintiff is not, equitably, entitled. While his mother was in possession of the mortgaged property he, apparently, gave her money enough to pay the interest on his mortgages and taxes on the property. Had he continued to do so until her death there would have

been no unpaid taxes or interest. In view of the fact that he was either legally or morally bound to support her, he should have continued this practice during her tenancy so that there would be no unpaid taxes and interest when the property passed to the remainderman upon her death. For this reason the court is of the opinion that all interest and taxes up to the date of her death should be disallowed.

Judgment may be entered for the plaintiff to recover the sum of $1,000, together with interest from July, 1941, and taxes, if any, paid after the death of the plaintiff's mother. The date of redemption for the owner of equity is set for August 4, 1942. A judgment file containing the exact amount due the plaintiff in accordance with this decision should be prepared and filed.