ALICE BOSCOWITZ, Plaintiff, *v.* CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, March 20, 1952.

*Anthony V. Magro* and *Emanuel Growman* for plaintiff.

*William E. Jackson* and *Howard C. Bushman, Jr.,* for defendant.

SILVERMAN, J. Two actions were instituted by the plaintiff: one for $1,000 and another, for $1,490. At the commencement of the trial and by consent, these actions were consolidated and the amount demanded was increased to $2,693. The consolidated action is brought by a depositor to recover the aforesaid sum of $2,693 deposited in a checking account with the defendant bank between September 27, 1927, and January 13, 1928. Demand for payment was made in 1951 and payment refused. The actions were then commenced. The answers of the defendant consisted of a general denial and various Statutes of Limitations. Upon the trial, however, the defendant's proof was predicated upon a defense of payment, to which no objection was raised. The parties thereby framed their own issues.

The plaintiff produced documentary proof of the deposits and then testified that she had no recollection of having withdrawn the funds from the bank. She further testified, in explanation of her omission to demand payment for some twenty-three years, that she had forgotten about the deposits until she discovered the records thereof. The plaintiff is a portrait painter and had traveled extensively throughout

Europe from February, 1928, until 1933, when she returned to the United States and remained here for about one and a half years. Thereafter, she went back to Europe until 1937, when she again returned to the United States, since which time she has been here continuously, except that in 1949 she returned to Europe to settle the affairs of a sister who had died in Germany. At that time, she brought back some of her furniture which she had previously left in Europe and in December of 1950 she found the records of the deposits here involved.

Defendant's evidence consisted of testimony by four officers and employees, each of whom had been employed by the bank for upwards of twenty years. These witnesses testified cumulatively that defendant regularly retains records of all open and unpaid accounts; that diligent searches had been made' after plaintiff's demand and that defendant has no record of any account with or indebtedness to plaintiff.

Defendant's witnesses explained the absence of any such record by testifying that defendant customarily destroys records of accounts which have been fully paid and closed for ten years; that when an account at defendant's 57th Street branch (where plaintiff alleges her deposits were made and her account maintained) has been dormant for ten years, the balance in that account is transferred to defendant's head office; that when such an account has been dormant for another five years, defendant's head office advertises the same and pays the unclaimed balance therein to the Comptroller of the State of New York, pursuant to law; that defendant has a complete and accurate record of all such transfers and payments, that no account in plaintiff's name appears therein.

In my opinion, the sole issue to be determined in this case is the effect of the failure of the plaintiff to demand her money or institute proceedings against the bank for about twenty-three years.

The plaintiff contends that the Statute of Limitations in an action for a bank deposit does not begin to run until a demand has been made (Civ. Prac. Act, § 15).

It is defendant's contention that its proof supports the presumption of payment arising from the lapse of over twenty years from the accrual of a right to demand payment and it further contends that the plaintiff has failed to sustain the burden of proof of nonpayment imposed on her by the aforesaid presumption of payment.

The plaintiff further contends that under the common law, under certain circumstances, there was a presumption of pay-

ment after the lapse of twenty years, but that by the enactment of the Code of Civil Procedure and the Civil Practice Act, such a presumption was superseded by the various Statutes of Limitations. In this respect, the plaintiff is in error.

" The presumption of payment from lapse of time is to be distinguished from the bar created by statutes of limitation." (34 Am. Jur., Limitation of Actions, § 6, p. 16; see, also, Note, 1 A. L. R. 779, 780.)

In *Matter of Fisher* (173 Misc. 848, 850) the late Surrogate FOLEY stated: " The accounting executor relies upon the presumption of payment because of the lapse of the long period of time since the claim arose. The facts surrounding the claim and the authorities justify the finding of such presumption [citing cases]. In *Bean* v. *Tonnele* (94 N. Y. 381), in an action upon a promissory note, where a period of more than twenty years had elapsed after the note became due, it was held that although the Statute of Limitations was not a bar because of the nonresidence of the defendant, yet the lapse of time raised the presumption of payment. In *Conkling* v. *Weatherwax* (181 N. Y. 258), where an action was brought to enforce a legacy as a lien upon real estate brought over thirty years after the death of the testator, the court held that the burden of proving nonpayment rested upon the plaintiff. In the discussion of the authorities and the facts of the case the court there said (p. 267): ' The right of the plaintiff to her legacy arose over thirty years before the action was brought, which gave rise to a presumption of fact that it had been paid [citing cases]. " An unexplained neglect to enforce an alleged right, for a long period, casts suspicion upon the existence of the right itself," and " it is the law of courts of equity, independent of positive legislative limitations, that they will not entertain stale demands " [citing cases].' " (See, also, *Matter of Rutherfurd*, 182 Misc. 1019, 1023.)

The plaintiff, in explanation of her omission to demand payment for some twenty-three years, testified that she had forgotten about the deposits until she discovered the records thereof in December, 1950. Her testimony indicated that she had a vague and confused recollection of the transaction on which her suit is based and that she has no independent recollection of not having withdrawn the money.

Where a claim or demand has not been asserted for over twenty years, no judgment should be rendered thereon except on clear and convincing proof of its nonpayment. To hold otherwise would be unfair and unjust to the alleged debtor.

Records may have been destroyed, as in the case at bar; witnesses may not be available, and even if available, they may have forgotten all about the transactions. These and other considerations form the basis of the rule that old and stale claims are presumed to have been paid.

In my opinion, the plaintiff has failed to establish her cause of action by such clear and convincing proof as is required to justify the rendition of a judgment in her favor. (*Sheafer* v. *Woodside*, 257 Pa. 276; *Gaines* v. *Miller*, 111 U. S. 395, 399.)

Judgment is directed for the defendant.