Anthony P. Savarese, S.
This is a proceeding brought by the executor of the last will and testament of Harry P. Wood, deceased, for the discovery of certain property claimed to be withheld by the respondent Manufacturers Trust Company, successor through merger to the original depositary. Decedent died on March 26, 1944 and about 12 years later, petitioner found a 35-year-old receipt for United States Liberty Bonds, valued at $8,250, deposited with respondent’s predecessor for safekeeping and demand was made upon respondent for the bonds. Respondent, while admitting the genuineness of the receipt, denies any knowledge of the present whereabouts of the bonds in question and interposes the defense of delivery.
The only evidence of the transaction is the receipt. Respondent, after search, is nnable to locate any record or any employee *411 with personal knowledge of the transaction. Records or the original depositary concerning items held for safekeeping have long since been destroyed and respondent can offer only the testimony of an accountant and private bank examiner that the report which followed the merger of the original depositary with its successor indicated no such outstanding item. The possession of the receipt by petitioner represents no conclusive proof of loss or misappropriation by respondent or its employees in view of the policy established of returning safeguarded property upon the owner’s signature and without the surrender of a receipt.
The primary issue presented is the effect of the passage of time on petitioner’s claim. Petitioner correctly maintains that no Statute of Limitations would bar his proceeding since the applicable period would commence on the date of the demand for the bonds. (Ganley v. Troy City Nat. Bank, 98 N. Y. 487.) This does not, however, bar the application of the common-law presumption of payment which would, prima facie, obliterate the obligation. The common-law presumption of payment is based on the natural desire to enjoy what is one’s own and upon the theory that long neglect to assert a right casts suspicion upon the existence of that right. (Bean v. Tonnele, 94 N. Y. 381; Matter of Fisher, 173 Misc. 848.) Further the difficulty of defending against stale claims when witnesses have become unavailable and records have been destroyed are the basis for refusing to render judgment thereon in the absence of affirmative proof of nonpayment. ' (Boscowitz v. Chase Nat. Bank, 202 Misc. 1016.) There is much to fortify the presumption in the present instance. Decedent’s insolvency at the time of his death would make the existence of unused assets seem unlikely. (Central Bank of Troy v. Heydorn, 48 N. Y. 260.) The unlikelihood is again indicated by the fact that the receipt was discovered among decedent’s books rather than in the safe where such valuables might more properly have been kept. No clear and convincing evidence has been presented to overcome the presumption of delivery. The petition is dismissed. Submit decree accordingly on notice.