J. Robert Lynch, J.
This is an action to foreclose a mortgage. The plaintiff alleges that the mortgage payments are substantially in arrears. The defendants allege that the mortgage payments are and always have been current.
The defendant Merwin F. Kranz and one Albert L. Kranz as mortgagors executed this mortgage to Walter A. Sahl, Sr., mortgagee, on January 21, 1953. The principal amount was $10,000 with interest at 5% per annum and it called for monthly payments of $66 applicable first to interest and then to principal. From the beginning the property was the residence of the defendant Merwin F. Kranz and his wife, the defendant, Gertrude P. Kranz, and on October 3, 1969 the latter joined with her husband in acquiring the interest of Albert L. Kranz and both assumed the payment of the mortgage.
The mortgagee Sahl died on December 11, 1968 and the plaintiff bank qualified as his executor on January 23, 1969. On March 6, 1969 the defendants began making their mortgage payments by check payable to “The Estate of Walter Sahl”. We do not know if it was this first payment payable to the mortgagee’s estate or the discovery by the plaintiff of the bond and mortgage among the decedent’s papers which first acquainted the plaintiff with the existence of the mortgage debt. In either event the plaintiff had no way of determining from Sahl’s records how much had been paid in the past and it solicited the defendants’ help in an attempt to ascertain the status of the debt.
The defendants were able to produce canceled checks showing monthly payments from February 26, 1953 to May 8, 1959. They were unable to show any other checks or receipts until \the first check to “ The Estate of Walter Sahl ” on March 6, *597 1969. They -claimed that during the intervening period they had paid -Sahl in cash at his request for which he had given no receipts. The plaintiff, electing not to jeopardize its trust by accepting what it felt to be an unsupported self-serving assertion of cash payment, commenced this action to foreclose.
If the defendants are entitled to be credited for payments for which they have no canceled checks or receipts, the mortgage is current and this foreclosure action must fail. If not, there was due and owing as of March 1, 1971 the sum of $12,101.25.
The plaintiff made a prima facie case by producing the bond and mortgage as evidence that the obligations assumed therein had not been discharged by payment (Lupia v. Lupia, 199 N. Y. S. 2d 733). Payment of the mortgage debt, while a defense to a foreclosure action, is an affirmative one which must be proved by the defendants (Redmond v. Hughes, 151 App. Div. 99; Warren’s Weed New York Beal Property, Foreclosure of Mortgage, § 9.16). The defendants have pleaded the defense of payment in their answer and have attempted to prove it in two ways: first, by testimony of their cash transactions with the mortgagee Sahl; second, by relying on a presumption of payment created by the time that elapsed within which the obligation could have been enforced but was not.
The defendants’ testimony of their personal cash transactions with the decedent Sahl was received under a reservation. It must be excluded under the dead man’s statute which declares that upon “ the trial of an action * * * a party * * * shall not be examined as a witness in his own behalf or interest * * * concerning a personal transaction or communication between the witness and the deceased person” (CPLB 4519). This statutory incompetency of the witness is applicable to testimony of cash payments to a decedent (Friese v. Baird, 36 A D 2d 727; see, also, McMurray v. McMurray, 63 Hun 183). It matters not that the defendant wife’s interest in the title to the property did not vest in her until after the transactions to which she offered testimony because she had an interest in them at the time of her testimony (Hobart v. Hobart, 62 N. Y. 80; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4519.12).
“ It may be stated generally that the presumption of payment arising from the lapse of time is applicable to every debt, no matter how solemn the instrument may be by which the debt is evidenced. Thus, the doctrine has been applied to bonds and other specialties, including * * * mortgages *598 where the mortgagor has remained in possession” (44 N. Y. Jur., Payment, § 145, citing 40 Am. Jur., Payment, § 248; Clark v. Bogardus, 2 Edw. Ch. 387; Hall v. Roberts, 63 Hun 473). But no presumption of payment can arise as a matter of law unless sufficient time has run to make the Statute of Limitations a bar (Rosenstock v. Dessar, 109 App. Div. 10; Newcombe v. Fox, 1 App. Div. 389, affd. 154 N. Y. 754). An action to foreclose a mortgage must be commenced within six years (CPLB 213). Where, as here, the bond and mortgage give the mortgagee the election of declaring the full sum due on the failure of the mortgagors to pay any installment, it is only as to actions to collect each installment that limitations are effective the requisite time after each become due (Newgold v. Woodstock Development Corp., 19 N Y 2d 894). Without election there is no acceleration in the mortgage debt and the mortgagee may effectively bring foreclosure if only the last installment remains unbarred by the Statute of Limitations (First Nat. City Trust Co. v. Caserta, 29 Misc 2d 166; Haberkorn v. Da Silva, 210 N. Y. S. 2d 391; 38 N. Y. Jur., Mortgages and Deeds of Trust, § 300). Since the statute has not run against the foreclosure here we may not find as a matter of law a presumption of payment from lapse of time.
However, lapse of time after an unbarred debt is due, while not raising a presumption of payment which may be legally conclusive, may be sufficient to give rise to an inference of payment which, when considered with other circumstances, may be factually conclusive (Macaulay v. Palmer, 125 N. Y. 742; Bean v. Tonnele, 94 N. Y. 381; Sheldon v. Heaton, 22 App. Div. 308; McMurray v. McMurray, 63 Hun 183; Flagg v. Ruden, 1 Bradf. 192). When we consider the lapse of time between May 8, 1959 — the date of the last canceled check to Sahl personally— and December 18, 1968 — the date of Sahl’s death — and the other circumstances and facts attending this case we can only conclude that the defendants’ obligations were met as they came due and that payment of the mortgage debt is current.
We find from the defendants’ appearance on the stand, their business careers and the fact that no insolvency has been shown that they are persons who 'seem to be endowed with a sense of financial responsibility. Immediately after Sahl’s death and the qualification of the plaintiff as executor they made their payments without prompting or demand. There has been no indication that demands for payment were ever made upon them. Prior to the bringing of this action they gave extensive co-operation to the plaintiff’s efforts to straighten *599 out Sahl’s records. They have been in continuous possession of the property. We lay great importance on the fact that the wife did not obligate herself to assume payment of the mortgage until after Sahl’s death. It is incredible to think that she would assume an obligation that she knew was nine years in arrears.
Most important of all is the manner in which the defendants have materially improved and added to the value of the property over all of these years. It is completely inconsistent with the notion that all of this time they faced the threat of foreclosure month after month. They extended and insulated the garage. They added two bedrooms to the second floor. They installed an asphalt driveway. They built a greenhouse on the property. They beautified it with extensive planting. They even extended the property by purchasing a lot adjoining the rear.
We conclude that the defendants’ mortgage payments are current. While we believe that the bank acted in the only way possible as a prudent executor in bringing this action, foreclosure must be denied. The complaint must be dismissed.