OPINION OF THE COURT
Henry F. Zwack, J.
In this case, plaintiff seeks payment of a certificate of deposit issued in 1987 by defendant KeyBank. Defendant has moved for summary judgment.
On December 18, 1987, defendant issued a certificate of deposit to the order of “Mollie Krawitt ITF Donald Krawitt” for a total of $87,473. The certificate had a stated rate of 7.63%, maturing in 182 days after the date of issuance, and would automatically renew.
On February 8, 1994, Mollie Krawitt died. Her son, plaintiff Donald Krawitt, subsequently discovered a receipt for the subject certificate. In 2006, plaintiff went to one of defendant’s branches and presented the receipt for payment of the certificate. Defendant denied payment, indicating it had no record of the certificate. Plaintiff subsequently demanded payment or an accounting of the funds, which resulted in a letter from defendant’s Office of Unclaimed Funds. The letter, dated August 29, 2006, stated that the bank had no record that the certificate was cashed or not cashed, but indicated it was not sent to the New York State Office of Unclaimed Funds. Plaintiff subsequently commenced the present action.
Defendant now moves for summary judgment, asserting that a legal presumption that defendant paid out the money is ap *299 plicable and that plaintiffs claim is further barred by the doctrine of laches and by the statute of limitations.
The court will first consider the statute of limitations argument. Defendant argues that the six-year statute of limitations should run from some point prior to Mollie Krawitt’s death. Plaintiff argues that the statute should run from 2006, the date of plaintiffs demand. The court concurs with plaintiff that the statute of limitations does not bar this proceeding because the relevant date for statute of limitations purposes is the date of plaintiffs demand in 2006 (see Matter of Wood, 7 Misc 2d 410 [1957]).
Next, defendant argues that plaintiff cannot overcome the presumption of payment resulting from the lapse of time from the creation of the certificate to when plaintiff made demand for payment. Plaintiff contends that he did not intentionally delay coming forward and that defendant has negligent record-keeping practices.
Defendant has submitted an affidavit from one of its employees averring that defendant maintains records for six years, which is one year longer than required by federal law. Defendant notes that when an account remains inactive for a period of five years, defendant is required under New York State law to make efforts to contact the owner of the account. If contact cannot be made to ensure the continued existence of the owner, the account is escheated to New York State, as required by law. Defendant maintains records of all funds that are forwarded to the State. Defendant maintains that because its search of the State’s unclaimed funds database yielded no results, this is proof that the account was paid out to the customer. Defendant also notes that it was able to check hard copy records for form 1099s issued in 1996, which were by chance retained, and there was no record of such a form being issued for the subject certificate. Defendant also avers that plaintiffs possession of the original receipt does not compel a finding that the certificate was not paid out (see generally Matter of Wood, 7 Misc 2d 410, 411 [1957]).
New York State recognizes a legal presumption of payment after the lapse of 20 years between the right to enforce an obligation and an attempt to do so (Bean v Tonnele, 94 NY 381 [1884]; Katzman v Citibank, 2007 WL 2325857, 2007 US Dist LEXIS 59115 [ND NY 2007]). *300 Case law supports a finding of a legal presumption of payment after a period of 20 years (Bean at 385; Katzman, supra). To rebut the presumption, clear and convincing evidence of nonpayment is required (see Bean at 385-386; Boscowitz v Chase Natl. Bank of City of N.Y., 202 Misc 1016, 1019-1020 [1952]). An inference of payment may be found to apply where the lapse of time is less than 20 years, and, depending upon other circumstances of the case, an inference may constitute conclusive proof of payment (Oneida Natl. Bank & Trust Co. of Cent. N.Y. v Kranz, 70 Misc 2d 595, 598 [1972]; Katzman, supra). Other circumstances which may support an inference of payment include the strength of any other evidence tending to support payment, and the overall length of time passed {see id.).
*299 “The presumption of payment from a great lapse of time is founded upon the rational ground that a *300 person naturally desires to possess and enjoy his own, and that an unexplained neglect to enforce an alleged right, for a long period, casts suspicion upon the existence of the right itself.” (Bean at 386; see Matter of Wood, 7 Misc 2d 410 [1957].)
Here, plaintiff has produced a receipt showing the certificate of deposit was issued to Mollie Krawitt on December 18, 1987. The term of the certificate was for 182 days, which is six months. Therefore, the certificate could be paid on or about June 18, 1988, or would otherwise automatically renew. Plaintiffs demand for payment in 2006 was approximately 18 years after the certificate became payable. The court also notes that defendant avers that it is not able to find information regarding the account, that money from the account was not forwarded to the State, that plaintiff’s possession of the original receipt of the deposit does not mean that the account was not paid out, and that there is proof that no interest was paid on the account in 1996. Further, plaintiff has failed to set forth any affirmative proof establishing that the account was not paid. The only proof submitted by plaintiff is the original receipt for the certificate, which, as noted above, does not establish that the certificate was not paid out. The court notes that the facts of the present case are strikingly similar to those in Katzman, where less than 20 years had passed, where plaintiff had only the original certificate as purported evidence of nonpayment, and the totality of the undisputed facts and circumstances compelled a grant of summary judgment. Based upon the foregoing, the court finds that a legal presumption or inference of payment is applicable in this case and that this finding, when combined with all the facts and circumstances of this case, compels a finding that summary judgment should be granted to defendant {see Katzman, supra).
*301 The court also notes that it further finds that laches bars the present proceeding upon all the facts and circumstances of the present case. Defendant argues that if plaintiff had demanded payment of the certificate closer in time to Mollie Krawitt’s death, it is likely that defendant would have been able to locate records on the account. Defendant therefore contends that it has suffered substantial prejudice by plaintiff waiting almost 20 years after the certificate was opened, and 12 years after Mollie Krawitt’s death, before presenting the receipt for payment. In opposition to defendant’s laches defense, plaintiff argues that the delay in demand for payment was not intentional by plaintiff, and also that any alleged prejudice to defendant is the result of defendant’s own negligent record-keeping practices.
The defense of laches is an equitable bar, based upon a lengthy neglect or omission to assert a right and the resulting prejudice to an adverse party (Matter of Barabash, 31 NY2d 76, 81 [1972]). The mere lapse of time, without a showing of prejudice, will not sustain a defense of laches (Galyn v Schwartz, 56 NY2d 969, 972 [1982]).
In this case, there has been a delay of over 12 years between the passing of Mollie Krawitt and the demand for payment by her son, Donald Krawitt. Defendant has established that it has suffered substantial prejudice due to this delay. It is defendant’s policy, in accordance with banking guidelines, to retain records for a period of six years and then destroy them. Despite plaintiff’s claims regarding defendant’s negligence in record keeping, the court notes that defendant retains records longer than required by law. The court also notes plaintiffs apparent unwillingness or inability to obtain the tax records, including any prior 1099 forms, of his mother to ascertain when interest was paid {see Katzman, supra [noting that lack of reportable interest income supports conclusion that there was no income to report]). There is no explanation for plaintiffs failure to produce such records, other than plaintiffs belief that defendant should be required to have retained such information. Based upon the foregoing, the court finds that defendant has set forth sufficient proof of prejudice and that plaintiffs claim is barred by laches.
The court also notes an issue raised in plaintiffs opposition papers, regarding plaintiff having filed a motion for summary judgment pursuant to CPLR 3213. Court records do not show any prior motion such as this, and defense counsel’s reply papers *302 denied knowledge or receipt of such a motion. Accordingly, by letter dated November 3, 2008, a copy of the motion papers were requested from plaintiff’s counsel and it has been determined that the motion was prepared, but never filed.
Accordingly, it is ordered, that defendant’s motion for summary judgment is granted and plaintiffs complaint is dismissed.